11-152-cv
Jowers v. Family Dollar Stores, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges*.

———————————————————————————

Lynn Jowers,

> *Plaintiff-Appellant*,

> v.                                                                            11-152-cv

Family Dollar Stores, Incorporated,

> *Defendants-Appellees*,

John Diones, Juan Vasquez,

> *Defendants.*

———————————————————————————

FOR APPELLANT:        Lynn Jowers, *pro se*, Bronx, New York.

FOR APPELLEES:        Craig R. Benson, Gary David Shapiro, Esq., Littler Mendelson, P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Lynn Jowers, proceeding *pro se*, appeals the district court's grant of summary judgment to Family Dollar Stores, Inc., in his action asserting claims of retaliation, discrimination, and creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Jowers also appeals the district court's denial of his motion for reconsideration and reargument pursuant to Local Rule 6.3. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the evidence is viewed in favor of the non-moving party, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Jeffreys v. City of N.Y.*, 426 F.3d 549, 553-54 (2d Cir. 2005) (internal quotation marks and alterations omitted).

We have not articulated a standard of review with respect to the denial of motions for reargument under Local Rule 6.3. However, we review the denial of Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) reconsideration motions for abuse of discretion. *See Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (Rule 59(e)); *Transaero, Inc. v. La*

*Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

We affirm the district court's judgment for substantially the reasons stated in its August 16, 2010, and November 23, 2010, decisions. Assuming Jowers established a *prima facie* case of retaliation, he has not put forth sufficient evidence for a reasonable fact finder to conclude that Family Dollar's legitimate reason for terminating Jowers's employment was a pretext for unlawful retaliation. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798-99 (1973). In a sworn statement, Jowers denied Family Dollar's allegations he had conducted an after-hours refund or passed merchandise. Yet, this sworn statement, even when taken together with the temporal proximity between the protected activity and his termination, was not sufficient to demonstrate that, more likely than not, Family Dollar's reason for his termination was merely pretextual or that a retaliatory motive played a part in the adverse employment decision. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) ("[P]laintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proferred by the defendant were false, and that more likely than not [retaliation] was the real reason for the employment action." (alterations omitted)).

Additionally, the district court properly granted Family Dollar summary judgment on Jowers's racial discrimination and hostile work environment claims because Jowers failed to satisfy the initial burdens required to demonstrate a *prima facie* case. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007). Finally, the district court did not abuse its discretion in denying Jowers's motion for

3

reconsideration or reargument, as Jowers did not identify any facts or controlling authority that the court overlooked.

We have considered all of Jowers's arguments, including his argument with respect to the missing surveillance tapes, and have found them to be without merit. The district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk