**NEW YORK STATE ELECTRIC AND GAS CORPORATION, Plaintiff–Counter–Defendant–Appellant,**

v.

**FIRSTENERGY CORPORATION, Defendant–Counterclaimant–Appellee.**

No. 07–2581–cv.

United States Court of Appeals, Second Circuit.

May 5, 2009.

See also, 2007 WL 1434901.

Woody N. Peterson (David L. Elkind and Geoffrey M. Long, on the brief), Dickstein Shapiro LLP, Washington, D.C., for Plaintiff–Counter–Defendant–Appellant.

John F. Stoviak (Jane Kozinski, Christine M. Pickel, and Melissa Hill, on the brief), Saul Ewing, LLP, Philadelphia, PA, for Defendant–Counterclaimant–Appellee.

Present: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. RICHARD K. EATON, Judge.[1]

## SUMMARY ORDER

New York State Electric and Gas Corporation ("NYSEG") appeals from the decision of the United States District Court for the Northern District of New York (Peebles, *M.J.*) denying its motion under Federal Rule of Civil Procedure 59(e) to amend the judgment and denying its motion under Federal Rule of Civil Procedure 15(a) for leave to amend its complaint. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

The district court entered final judgment against NYSEG on May 14, 2007, 2007 WL 1434901, having previously dismissed NYSEG's various claims for relief under § 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613(f), and under state law. Thereafter, NYSEG timely moved for reconsideration under Rule 59(e) and sought to amend its complaint to assert a claim under CERCLA § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B). The district court denied these motions.

We review a district court's denial of a motion to alter or amend judgment under Rule 59(e) or to vacate a judgment under Rule 60(b) for abuse of discretion, likewise, a denial of leave to amend a complaint under Rule 15(a). *See Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476,

1. Judge Richard K. Eaton of the United States Court of International Trade, sitting by designation.

478 (2d Cir.2008) (per curiam); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.2008).

In denying NYSEG's motions, the district court concluded that (1) NYSEG could have anticipated the availability to it of a claim under CERCLA § 107(a)(4)(B) after this Court's decision in *Schaefer v. Town of Victor*, 457 F.3d 188 (2d Cir.2006), because NYSEG's initial cleanup costs were incurred voluntarily; and (2) the contemplated amendment "would be manifestly unfair and inherently prejudicial to the defendant, particularly in view of the inordinate amount of time that has passed since the relevant events." We do not find either conclusion to be supported by the circumstances of this case.

The district court's conclusion that NYSEG's initial costs were incurred voluntarily is in tension with its previously expressed view, articulated in the context of deciding NYSEG's state law claims, that NYSEG was unlike a plaintiff that "enter[s] into a voluntary agreement with the [New York State Department of Environmental Conservation] to clean up the hazardous waste sites," because "[it] engaged in remediation efforts at [such] sites ... out of compulsion resulting from administrative orders issued by the NYSDEC." Given the district court's own willingness to find, albeit in a slightly different context, that NYSEG's cleanup costs were not incurred voluntarily, it was reasonable for NYSEG to believe that it was unlike the plaintiff in *Schaefer* because it did not voluntarily incur the cleanup costs for which it sought payment.

In light of our conclusion that NYSEG reasonably believed it had no claim under CERCLA § 107(a)(4)(B) even after our Court's decision in *Schaefer*, its delay in seeking to amend the complaint is substantially shorter than the delay contemplated by the district court. We perceive no prejudice to FirstEnergy owing to this short delay. Moreover, even the longer delay considered by the district court does not appear to have caused any prejudice to FirstEnergy. Although the district court noted the "inordinate amount of time that has passed since the relevant events," it did not identify any prejudice to FirstEnergy that arose from NYSEG's failure to assert its CERCLA § 107(a)(4)(B) claim earlier. And while FirstEnergy has argued that it would incur numerous additional costs to defend against a claim under CERCLA § 107(a)(4)(B), most of the costs identified do not result from the fact that NYSEG first sought to assert that claim in 2007.

Because NYSEG reasonably believed, under the circumstances of this case and the evolving case law governing its claims, that it could not assert a claim against FirstEnergy under CERCLA § 107(a)(4)(B) until the Supreme Court's decision in *United States v. Atl. Research Corp.*, 551 U.S. 128, 127 S.Ct. 2331, 168 L.Ed.2d 28 (2007), and because it moved quickly thereafter to assert such a claim, the district court abused its discretion by denying NYSEG leave to amend.

Accordingly, the order of the district court is **VACATED** and the case is **REMANDED** for further proceedings.