SUMMARY ORDER
Plaintiffs Larry Mason and Modesto Rodriguez appeal the dismissal of their claims brought pursuant to 42 U.S.C. § 1983 challenging the method by which they were arrested, and the denial of their motion for reconsideration brought pursuant to Rule 59(e) and District of Connecticut Local Rule 7(c).[1] By order dated July 7, 2008, we dismissed the appeal of the underlying judgment as untimely, and we therefore review only the denial of the post-judgment motion. In doing so, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
The parties disagree about whether this motion for reconsideration should be reviewed as a motion brought pursuant to Rule 59(e) or Rule 60(b). We need not resolve this issue, however, because even if we review the motion under Rule 59(e), as plaintiffs urge, their claim fails. We review a district court’s denial of a party’s motion to alter or amend judgment under Rule 59(e) for abuse of discretion. See Empresa Cubana del Tabaco v. Culbro Corp., 541 F.3d 476, 478 (2d Cir.2008). Plaintiffs’ motion was denied on the ground that they failed to identify “any controlling decisions or data that the Court overlooked.” Mason v. Barbieri, 07 Civ. 287 (D.Conn. May 6, 2008) (Docket No. 83). As plaintiffs’ concede, this was the proper standard, see Appellants’ Reply Br. at 6 n. 3; see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995), and we identify no abuse in its application here.
Moreover, to the extent plaintiffs’ motion for reconsideration calls into question the underlying judgment, we note our agreement with the district court’s conclusion that plaintiffs failed to allege a Fourth Amendment violation based on the participation of nonlaw-enforcement civilians in their arrests. To be sure, “it is a violation of the Fourth Amendment for police to bring members of the media or other third parties into a home during the execution of a warrant when the presence of the third parties in the home was not in aid of the execution of the warrant.” Wilson v. Layne, 526 U.S. 603, 614, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (emphasis added). However, “the presence of a third party who is assisting authorized officers in *96 their search does not violate the Fourth Amendment’s reasonableness requirement.” Ayeni v. Mottola, 35 F.3d 680, 687 (2d Cir.1994) (emphasis in original), abrogated on other grounds by Wilson v. Layne, 526 U.S. 603, 119 S.Ct. 1692; see also 18 U.S.C. § 3105 (“A search warrant may in all cases be served by any of the officers mentioned in its direction or by an officer authorized by law to serve such warrant, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution.” (emphasis added)). To the extent some courts have required officers to demonstrate a “need for the presence of the civilian,” Bellville v. Town of Northboro, 375 F.3d 25, 33 (1st Cir.2004); see also United States v. Sparks, 265 F.3d 825, 832 (9th Cir.2001), overruled on other grounds by United States v. Grisel, 488 F.3d 844 (9th Cir.2007) (en banc), such a need appears on the face of plaintiffs’ complaint, namely, the large number of arrest warrants requiring execution in connection with failures to pay child support. See Complaint ¶ 2 (alleging that at least 243 other individuals were arrested in a similar manner); State Appellees’ Br. at 1 (explaining that arrests were “part of a child support sweep conducted in late October 2006”). Finally, the mere fact that the civilians were being paid by the state for their assistance in the arrests in no way undermines this conclusion. See United States v. Sparks, 265 F.3d at 831-32 (“[T]he civilian’s role must be to aid the efforts of the police. In other words, civilians cannot be present simply to further their own goals.” (emphasis added)).
We have considered plaintiffs’ other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

. Plaintiffs' state law claims were dismissed without prejudice following dismissal of their § 1983 claim. Plaintiffs do not challenge that decision on appeal, and we deem any such challenge to have been waived. See Norton v. Sam's Chib, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.”).