11-1189-cv
Loreley Fin. (Jersey) No. 8 Ltd. v. AIG Fin. Prods. Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

BANK OF AMERICA NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE,

                     *Plaintiff*,

LORELEY FINANCING (JERSEY) NO. 8 LIMITED,
LORELEY FINANCING (JERSEY) NO. 16

                     *Interpleader Defendants-Appellants*,

          -v-                                              11-1189-cv

AIG FINANCIAL PRODUCTS CORPORATION,
MAIDEN LANE III LLC,

                     *Interpleader Defendants-Appellees*,

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

                     *Consolidated Defendant*,

MITSUBISHI CORPORATION FINANCE,

                     *Interpleader Defendant*.

_____

Appearing for Appellants:     Stephen M. Plotnick, Alexander Malyshev, Carter Ledyard &
                              Milburn LLP, New York, NY.

Appearing for Appellees:      Howard R. Hawkins, Jr., Ellen M. Halstead, Martin S. Krezalek,
                              Cadwalader, Wickersham & Taft LLP, New York, NY, *for*
                              Appellee AIG Financial Products Corporation.

                              David W. Dykhouse, David Slarskey, Patterson, Belknap Webb &
                              Tyler LLP, New York, NY, *for* Appellee Maiden Lane III LLC.

     Appeal from a judgment of the United States District Court for the Southern District of
New York  (Rakoff, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in
part and **VACATED** in part and **REMANDED** with direction to dismiss as moot.

     Interpleader Defendants-Appellants ("Appellants") appeal from a grant of summary
judgment entered on December 7, 2010 in favor of Interpleader Defendant-Appellees
("Appellees") and from a March 1, 2011 order denying their motion for reconsideration or
reargument.  We assume the parties' familiarity with the underlying facts, procedural history,
and specification of issues for review.

     "We review a district court's grant of summary judgment *de novo*, construing the
evidence in the light most favorable to the non-moving party and drawing all reasonable
inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005).  "We will
affirm the judgment only if there is no genuine issue as to any material fact, and if the moving
party is entitled to a judgment as a matter of law."  *Id.*

     This consolidated interpleader action concerns two collateralized debt obligation
transactions ("CDOs"), Summer Street 2005-HG1 ("Summer Street") set forth in an Indenture
dated December 15, 2005, and Saturn Ventures 2005-1 ( "Saturn Ventures") set forth in an
Indenture dated June 9, 2005.  Appellants hold Class A-2 Notes in the CDOs, and Appellees
hold Class A-1 Notes in the CDOs.  Interpleader Plaintiff Bank of America (the "Trustee") is the
trustee under both Indentures and brought this action to resolve two disputes under the Summer
Street Indenture and one dispute under the Saturn Ventures Indenture.

     The sole dispute with respect to Saturn Ventures is identical to the first dispute under the
Summer Street Indenture.  However, in February 2012 Saturn Ventures was liquidated, and
proceeds from the liquidation were sufficient to cover all interest and principal owed Class A-1
Note holders and all interest owed Class A-2 Note holders.  Appellant Loreley Financing
(Jersey) No. 16 moved to vacate the district court's judgment as moot.  Vacatur, an equitable
remedy, is often proper because "a judgment from which litigants have the right of appeal should
not be accorded preclusive effect when events beyond their control prevent them from exercising
that right."  *Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 73 (2d Cir. 1991).  Here, however,
the equities weigh against vacating the judgment below even though the case was mooted by
happenstance.  All the arguments Loreley Financing (Jersey) No. 16 outlined in its brief were
fully presented to the court by Lorely Financing (Jersey) No. 8 Limited as part of the Summer

2

Street dispute. Moreover, while another Class A-2 Note holder, Massachusetts Mutual Life Insurance Company, appeared before the district court, it did not appeal the ruling below and, thus, the judgment should stand with respect to it. Accordingly, we dismiss the Saturn Ventures appeal as moot, but decline to vacate the judgment below.

The resolution of the Summer Street disputes requires interpretation of the Indenture. "It is a well-established rule in this Circuit that the interpretation of Indenture provisions is a matter of basic contract law." *Jamie Sec. Co. v. The Ltd., Inc*., 880 F.2d 1572, 1576 (2d Cir. 1989) (internal brackets and quotation marks omitted). In the first dispute under the Summer Street Indenture, Appellant Loreley Financing (Jersey) No. 8 Limited and Appellees disagree about the priority of payments upon an event of default. Section 11.1(c) of the Indenture provides that Class A-2 Note holders are to receive interest payments before the Class A-1 Note holders receive principal payments, while Section 13.1(b) provides that Class A-1 Note holders should first receive principal payments. The district court found that Section 11.1(c) and Section 13.1(b) were in conflict, but that the latter trumped the former because it applies "[a]nything in this Indenture . . . to the contrary notwithstanding." We have "recognized many times that under New York law, clauses similar to the phrase 'notwithstanding any other provision' trump conflicting contract terms." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 917 (2d Cir. 2010) (collecting cases). (internal brackets omitted).

Appellant makes two arguments for why the district court's interpretation is invalid. First, it argues that the district court erred in not reading Section 11.1(c) and Section 13.1(b) in harmony. Under Appellant's reading, Section 13.1(b) does not provide for an order of payments but, instead, protects Class A-1 Note holders' rights to collateral by providing for payment "in Cash." However, Appellant's reading is not supported by the language of Section 13.1(b), which expressly discusses payment priority by providing that payment is to go to Class A-1 Note holders "*in full*" "before any further payment or distribution is made." Further, we find Appellant's distinction between collateral and the right to payment from the collateral to be inconsistent with the Indenture's definition of "Collateral." Second, Appellant argues (1) that the Notes provide for the application of Section 11.1(a)'s Priority of Payments in all circumstances; (2) that under the Priority of Payments, Class A-2 Note holders receive interest payments before Class A-1 Note holders receive principal payments; and (3) that "New York law is clear that where there is a conflict between the terms of the note and ancillary documents, the terms of the note control." *Id*. at 918. However, the Note incorporates both Sections 11.1 and 13.1(b) of the Indenture, and, therefore, the Note and Indenture do not conflict. Accordingly, Appellant's arguments fail.

The second dispute under the Summer Street Indenture concerns the proper allocation of collateral interest payments under the Indenture. Section 11.1(a)(i)(7) provides that, if certain coverage tests fail, collateral interest collections are to pay principal of the Class A Notes "in accordance with the Class A Allocation." Appellant and Appellees disagree about whether the "Class A Allocation" requires *pro rata* payments to both Class A-1 Note holders and Class A-2 Note holders or sequential payments to each class of Note holder. The district court found that the Indenture was silent on this issue and "that the most reasonable interpretation of the indenture requires sequential distribution in the event that a coverage test is not satisfied." "When the parties to a . . . contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court." Restatement (Second) of Contracts, Rule 204.

3

On appeal, Appellant first argues that the Summer Street Indenture is not silent but, instead, mandates *pro rata* allocation of collateral interest collections to pay principal. But the provision they point to, Section 11.1(a)(iii)(1), specifies how to allocate collateral interest collections to pay *interest* (and not principal). Second, Appellant argues that the district court erred in not conducting additional discovery. However, we agree with the district court that the proper allocation "is not a matter of an ambiguity that might be resolved by discovery." Accordingly, Appellant's argument fails.

Finally, the district court did not abuse its discretion in denying Appellant's motion for reconsideration or reargument. We review a motion for reconsideration or reargument for abuse of discretion. *See, e.g.*, *Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (applying abuse of discretion standard to denial of motion to alter or amend judgment under Rule 59(e)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Here, Appellant fails to point to anything that the district court overlooked in its prior decisions. Accordingly, we find that the district court did not abuse its discretion.

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED in part and VACATED in part and REMANDED with direction to dismiss as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4