14-3089-cv
*Henry v. Tracy*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand fifteen.

PRESENT:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

———————————————————————

BEVERLY HENRY, THADDEUS ROUGIER,

> *Plaintiffs–Counter-Defendants–Appellants,*

v.                                                            No. 14-3089-cv

DEPUTY SHERIFF RAY TRACY, DEPUTY SHERIFF RAYMOND NEEDLE, DEPUTY SHERIFF CRAIG BEITER, SHERIFF'S INVESTIGATOR DANIEL DOUGLAS,

> *Defendants–Counter-Claimants–Appellees.**

———————————————————————

FOR APPELLANTS:                        Steven M. Cohen, HoganWillig, PLLC, Amherst, NY.

---

* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

FOR APPELLEES:                                        Elizabeth M. Bergen, Gibson, McAskill &
                                                      Crosby LLP, Buffalo, NY.

Appeal from a judgment and order of the United States District Court for the Western District of New York (Hugh B. Scott, *M.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 22, 2014, and the order entered July 18, 2014, are **AFFIRMED**.

Plaintiffs-Appellants Beverly Henry and Thaddeus Rougier bring this § 1983 suit to challenge a traffic stop and search whose duration and other elements they assert violated their Fourth Amendment rights, and the trial of which they claim was infected by error. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

At trial, the jury found that plaintiffs' Fourth Amendment rights were not violated because Rougier consented to the search of his vehicle. Plaintiffs dispute that finding and contend that they are entitled to judgment as a matter of law under Rule 50(b) on the question of consent. We review *de novo* rulings on motions for judgment as a matter of law under Rule 50(b). *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013).

A Rule 50(b) movant may prevail only when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Id.* (quoting Fed. R. Civ. P. 50(a)(1)). In deciding a motion for judgment as a matter of law, "[t]he court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury," and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Tolbert v. Queens College*, 242 F.3d 58, 70 (2d Cir. 2001) (internal quotation marks and emphasis omitted).

The jury here heard conflicting testimony on the question whether Rougier consented to the x-ray search of his car. Rougier testified that he was never asked for consent.

2

Defendants-Appellees Ray Tracy and Daniel Douglas, officers in the Niagara County Sheriff's Department, both testified that Douglas asked Rougier whether he would prefer to wait for a search warrant or would consent to have the car taken to the x-ray station, and that Rougier consented. Because the jury could have disbelieved Rougier's testimony and believed that of the officers, we see no error in the District Court's denial of plaintiffs' Rule 50 motion.

In an argument that they did not make in the trial court proceedings until after the deliberating jury propounded a question about consent, plaintiffs contend that the evidence indisputably shows that Rougier was coerced into consenting to the search. Plaintiffs argue that the choice Douglas offered—between taking the car for an x-ray examination or waiting longer for a search warrant—is impermissibly coercive. We have repeatedly held, however, that it is not impermissibly coercive for officers to represent that, if consent is not given, a search warrant could be obtained, in contexts like the one before us in which the obtainability of a search warrant is in fact likely. *See United States v. Faruolo*, 506 F.2d 490, 495 (2d Cir. 1974) ("[T]he well founded advice of a law enforcement agent that, absent a consent to search, a warrant can be obtained does not constitute coercion."); *see also United States v. Vasquez*, 638 F.2d 507, 528-29 (2d Cir. 1980); *United States v. Calvente*, 722 F.2d 1019, 1023 (2d Cir. 1983). Accordingly, plaintiffs' argument fails.

Plaintiffs also challenge, in connection with their Rule 50(b) motion, the District Court's decision to narrow the scope of the jury's inquiry to the lawfulness of the x-ray inspection.[1] In its summary judgment ruling, the court concluded that there was no dispute of material fact as to (1) the basis for the initial traffic stop, (2) Rougier's consent to Tracy's initial request to look inside the car, and (3) the K-9 dog's positive alert at the trunk of the vehicle. Plaintiffs argue that these conclusions were erroneous because Tracy had no reasonable suspicion that justified detaining Rougier and Henry for longer than it took to write a ticket.

---

[1] This ruling was recommended by the magistrate judge and adopted by the district judge (Arcara, *J.*) before the case was transferred to the magistrate judge for trial and subsequent proceedings, as agreed to by the parties.

3

An otherwise lawful traffic stop can violate the Fourth Amendment "if it is prolonged beyond the time reasonably required to complete the mission." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). "[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015) (citations omitted). Here, no one disputes that Tracy obtained Rougier's explicit consent for a search before he completed writing the tickets. During that consent search, the drug-sniffing dog alerted, creating probable cause for a continued search. *Cf. Florida v. Harris*, 133 S. Ct. 1050, 1058 (2013) (positive dog sniff may constitute probable cause). Accordingly, at no time before the disputed x-ray search took place did Tracy and the other officers lack a lawful basis for detaining plaintiffs and searching their vehicle. The District Court did not err in limiting the jury to consideration of the x-ray search.

Plaintiffs make the same arguments in support of their Rule 59(a) motion for a new trial and Rule 60(b) motion for relief from judgment. We review the judge's rulings on these counts for abuse of discretion. *Velez*, 730 F.3d at 134; *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Although a trial judge considering a motion for a new trial "may weigh the evidence and the credibility of witnesses," he "should rarely disturb a jury's evaluation of a witness's credibility." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012). In light of the conflicting testimony offered at trial, we easily conclude that the District Court did not abuse its discretion by declining to grant plaintiffs a new trial or relief from judgment.

Next, plaintiffs ask us to hold that, despite the absence of a contemporaneous objection, it was error for the District Court to accept the jury's verdict rather than adjourning the proceedings in light of the circumstances detailed below. Because plaintiffs did not object to the verdict being read at the time, we review this challenge for plain error. *See United States v. Young*, 140 F.3d 453, 457 (2d Cir. 1998). We will disturb the verdict only if there was error, it was plain, it affected substantial rights, and it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 457.

4

Here, the jury delivered its verdict after approximately six hours of deliberation. During that time, the jury sent out three questions regarding the court's instruction regarding consent. While the court and the parties were preparing an answer to the jury questions, the jury announced that it had reached a verdict. Before accepting the verdict, the magistrate judge read the answer to the jury's consent questions (to which the parties had agreed). He took precautions to ensure that the jurors had an opportunity to reconsider their verdict, which was still unannounced, in light of that answer. No juror objected. The magistrate judge also gave counsel an opportunity to object before the verdict was read, and no objection was raised nor adjournment requested. Under these circumstances, we see no basis for concluding that the District Court clearly erred by accepting the jury's verdict.

Plaintiffs also contend that these interactions with the jury support their Rule 59(e) motion to alter the judgment. We review the denial of a motion to alter or amend judgment under Rule 59(e) for abuse of discretion. *See Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (per curiam). The District Court denied plaintiffs' motion on the ground that there was "no miscarriage of justice" in the verdict procedure. *Henry v. Tracy*, No. 10-cv-800 (W.D.N.Y. July 18, 2014) (Docket No. 127, at 23). For the reasons set forth above, we agree, and find no abuse of discretion here.

Finally, in a ministerial matter, parties will bear their own costs. We do not consider defendants' request for sanctions, however, because the request was not made, as required, by separate motion. Fed. R. App. P. 38.

* * *

We have considered plaintiffs' remaining arguments on appeal and find them to be without merit. For the reasons set out above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5