*Edwards v. Rochester Inst. of Tech.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

───────────────────────────────────────

SHARON EDWARDS,

> *Plaintiff-Appellant,*

> v.                                                            No. 18-2031

ROCHESTER INSTITUTE OF TECHNOLOGY,
DR. DONALD BOYD,

> *Defendants-Appellees.*

───────────────────────────────────────

FOR PLAINTIFF-APPELLANT:          Prathima Reddy, The Reddy Law Firm LLC, Buffalo, NY.

FOR DEFENDANTS-APPELLEES:          Mary E. Shepard (Victoria S. Gleason, *on the brief*), The Wolford Law Firm LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 30, 2018, and the decision and order dated June 18, 2018, are **AFFIRMED**.

Plaintiff-Appellant Sharon Edwards ("Edwards") appeals from a summary judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*), in favor of Defendants-Appellees Rochester Institute of Technology ("RIT") and Dr. Donald Boyd, on Edwards's employment discrimination and retaliation claims. She also appeals the District Court's order denying her motion for reconsideration. On appeal, Edwards seeks review insofar as those orders address her retaliatory termination claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment and order.

The following statement of facts is taken from the undisputed portions of the parties' filings. Edwards, an African-American woman, began working in May 2003 as an Operations Coordinator at Venture Creations ("VC"), a business incubator owned and operated by RIT. Throughout her employment at VC, Edwards experienced performance difficulties and conflicts with co-workers, as she admits.

In 2007, RIT hired William Jones ("Jones") to help with operations at VC. Jones became Edwards's supervisor in mid-2010, first serving as Interim Director, and then in 2011, as Executive Director. In 2011, Jones spoke with staff at VC's Human Resources department on multiple occasions with regard to Edwards's performance issues. Human Resources staff counseled Jones on ways to assist Edwards in improving her performance.

On October 6, 2011, Edwards and Jones had an altercation regarding the installation of a carpet. Edwards averred in her affidavit that Jones was "physically and verbally aggressive toward her" in that altercation but did not specify what Jones allegedly did or said.

2

J.A. at 131. During its investigation of the incident, RIT suspended both Edwards and Jones with pay. After the investigation, RIT formally reprimanded Jones for his conduct.

Soon after the altercation, Edwards took short-term disability leave in connection with a foot surgery, and in April 2012, after Edwards returned from leave, her new supervisor, Dr. Ryne Rafaelle ("Rafaelle"), provided her with a detailed work plan to address her performance-related issues. The work plan outlined specific tasks that Rafaelle expected her to accomplish. These included, among other responsibilities, submitting invoices in a timely fashion, obtaining keys for VC companies, obtaining updated certificates of insurance, and taking minutes at staff meetings. Over the following weeks, Edwards failed to comply with the expectations set forth in the work plan. On May 1, 2012, Rafaelle met with Edwards to determine whether she had accomplished her work-plan tasks, and during that meeting, Edwards admitted that she had not. RIT immediately terminated Edwards, the day of her meeting with Rafaelle, for failing to perform the essential functions of her job.

Edwards commenced this action against RIT in September 2010, alleging racial discrimination. Three years later, in September 2013, Edwards filed her second amended complaint. It added racial and gender discrimination and retaliation claims pertaining to her termination. On March 30, 2018, the District Court granted Defendants' motion for summary judgment as to all of Edwards's claims, and soon after denied her motion for reconsideration. Edwards now appeals the District Court's conclusion with respect to her retaliatory termination claim, arguing that she raised genuine issues of material fact.

We review *de novo* a district court's grant of summary judgment, "examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 50 (2d Cir. 2018) (citation omitted). We review a District Court's denial of a motion for reconsideration for abuse of discretion. *Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (per curiam).

In ruling for Defendants, the District Court concluded that Edwards made out a *prima facie* case of unlawful retaliation. Because it also found that RIT proffered legitimate,

3

non-discriminatory reasons for terminating Edwards, however, the court ruled that evidence presented by Edwards did not show that retaliatory animus was the but-for cause of her termination or that Edwards showed pretext.

On appeal, Edwards contends that the District Court incorrectly determined that there was no genuine issue of material fact with respect to her "cat's paw" theory of liability in particular. A "cat's paw" theory of liability refers to a situation in which an employee is fired by a supervisor who himself has no discriminatory motive, but who has been manipulated by a subordinate who does have such a motive. *See Vasquez v. Empress Ambulance Serv., Inc.,* 835 F.3d 267, 271-73 (2d Cir. 2016). In both the District Court and now on appeal, Edwards asserts that evidence in the record demonstrates that Jones predetermined that he would terminate Edwards and manipulated RIT to bring about the termination, in retaliation against her for her lawsuit and her internal complaints against Jones.

For substantially the same reasons as those set forth by the District Court in its thorough opinion, we conclude that Defendants were entitled to summary judgment as a matter of law. Edwards's arguments to the contrary are not persuasive. The only evidence Edwards offers to support her assertion that Jones both bore discriminatory animus against her and influenced RIT's decision to terminate her is that Jones was one of five individuals whom Rafaelle contacted to determine whether Edwards completed certain tasks set out in her April work plan, and that Jones and Edwards had an altercation. Edwards adduces no evidence, however, to suggest that Jones influenced RIT's termination decision. The record evidence shows that Jones did not have authority over Edwards when she was terminated. Although Rafaelle consulted with Jones before terminating Edwards, Rafaelle also spoke with four other RIT employees, with two tenants, and with Edwards herself, to learn whether Edwards had performed her assigned duties. The evidence was consistent, and Edwards admitted that she did not complete the assigned tasks. Thus, we see no genuine issue of material fact related to the reason for termination or suggesting that Jones covertly effected the termination.

We are similarly unpersuaded that the District Court abused its discretion in denying Edwards's motion for reconsideration with respect to her retaliatory termination claim.

4

Edwards argues that "for argument's sake," this Court should "not accept the district court's statement that it did in fact review Exhibits 99-100 and 101-105" in considering Edwards's motion for reconsideration. Appellant's Br. at 43. Accepting this argument would require this Court to assume that the District Court did not review exhibits notwithstanding its mention of Exhibits 99 through 105 in explaining its conclusion that Edwards failed to identify an intervening change of law or any new relevant evidence. This will not do. We conclude that the District Court did not abuse its discretion in denying Edwards's motion to reconsider.

* * *

We have considered Edwards's remaining arguments and conclude that they are without merit. Accordingly, the judgment and order of the District Court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5