21-955
*Bonine v. Guccione et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

PRESENT:
>
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges*,
>
> J. PAUL OETKEN,
> > *District Judge.*\*

─────────────────────────────────────────

MICHAEL BONINE,

>    *Movant-Appellant*,

RONALD L. MULLIGAN,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

>    *Plaintiff*,

JINCAI YANG,

>    *Consolidated-Plaintiff*,

─────────────────────────

\* Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

v.                                                    No. 21-955

SALVATORE GUCCIONE, FRANCES P. SCALLY,
REBECCA A. ROOF, ALBERT L. EILENDER,
WALTER J. KACZMAREK,

   *Defendants-Appellees*,

DOUGLAS ROTH,

   *Defendant-Consolidated-Defendant-Appellee*,

WILLIAM C. KENNALLY, III,

   *Consolidated-Defendant-Appellee*,

ACETO CORPORATION,

   *Defendant*.

———————————————————————

FOR MOVANT-APPELLANT   JACOB A. GOLDBERG, The Rosen Law
MICHAEL BONINE:      Firm, P.A., Jenkintown, PA.

FOR DEFENDANTS-APPELLEES
SALVATORE GUCCIONE,
FRANCES P. SCALLY,
REBECCA A. ROOF,
ALBERT L. EILENDER,     STAN CHIUEH (Eric Seiler, Philippe Adler,
WALTER J. KACZMAREK,    *on the brief*), Friedman Kaplan Seiler &
AND WILLIAM C. KENNALLY, III: Adelman LLP, New York, NY.

FOR DEFENDANT-APPELLEE   KENNETH M. ABELL (Scott Glicksman, *on*
DOUGLAS ROTH:      *the brief*), Abell Eskew Landau LLP, New
             York, NY.

  Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman *J.*).

  **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 4, 2020, is **AFFIRMED.**

Plaintiff-Appellant Michael Bonine appeals from the district court's dismissal, for failure to state a claim, of his second amended consolidated class action complaint (the "SAC") under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b–5. In the SAC, Bonine alleges that the individual Defendants, who are former officers and directors of Aceto Corporation, a now-liquidated pharmaceutical and chemical products company, materially misrepresented to investors the extent of Aceto's inability to provide products to its customers. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Bonine's allegations concern Aceto's relationship with its primary supplier, Aurobindo Pharma Ltd., an Indian pharmaceutical manufacturer. Bonine alleges that in 2017 and 2018, Aurobindo intentionally failed to supply one of Aceto's subsidiaries, Rising Health, in breach of those parties' supply agreement, and that Defendants failed in their duty to disclose the extent of Aceto's problem with Aurobindo. According to Bonine, Aurobindo's actions caused Aceto to incur $14.8 million in failure-to-supply penalties and Aceto's stock price to plummet, resulting in extensive losses to Bonine and the putative plaintiff class and eventually leading to Aceto's filing for bankruptcy.[1]

In May 2019, three months after the end of the proposed Class Period,[2] Aceto's bankruptcy estate filed an adversary proceeding complaint (the "Adversary Complaint") against Aurobindo, alleging that Aurobindo secretly engaged in an elaborate scheme to sabotage Aceto's business by refusing to supply products to Rising Health "[b]etween 2017 and 2018." App'x at 203. Relying primarily on the Adversary Complaint's allegations, Bonine faults Defendants for failing to disclose to investors during the Class Period the scope and magnitude of Aurobindo's scheme.

---

[1] On February 19, 2019, Aceto filed for Chapter 11 bankruptcy. *See In re Aceto Corp.*, No. 19-13448 (VFP) (Bankr. D.N.J. 2019). The SAC does not name Aceto as a defendant. Aceto is not a party to this appeal.

[2] The Class Period alleged by Bonine is from August 25, 2017, to February 19, 2019.

The district court dismissed the SAC with prejudice for failing to plead with particularity facts giving rise to a strong inference of scienter, as required by the Private Securities Litigation Reform Act ("PLSRA"). *See* 15 U.S.C. §§ 78u-4 *et seq.* The district court then denied Bonine's two post-judgment attempts to revive his claims, first through a Rule 59(e) motion to alter or amend judgment, and then through a Rule 60(b) motion for relief from judgment and for leave to file a third amended complaint. Bonine now appeals.

We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6). *See In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 166 (2d Cir. 2021). "A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is reviewed for an abuse of discretion." *Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (internal quotation marks and ellipses omitted). We review *de novo* the denial of a Rule 60(b) motion, to the extent that the denial is based solely on futility grounds. *See Ind. Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 92 (2d Cir. 2016).

Upon such review, we identify no error in the district court's rulings. We conclude, for substantially the reasons stated by the district court in its well-reasoned opinion adjudicating the motion to dismiss, that Defendants' "failure to disclose that Aurobindo was in breach of the Supply Agreement and the other information [Bonine] fault[s] them for omitting does not produce a strong enough inference of recklessness to survive Defendants' motion to dismiss." *In re Aceto Corp. Sec. Litig.*, No. 2:18-CV-2425-ERK-AYS, 2020 WL 4452059, at *4 (E.D.N.Y. Aug. 3, 2020), *reconsideration denied*, No. 2:18-CV-2425-ERK-AYS, 2021 WL 4350501 (E.D.N.Y. Mar. 16, 2021). Although Bonine contends that the Adversary Complaint's allegations support an inference that Defendants acted with the requisite scienter, the Adversary Complaint does not allege facts that if proven would demonstrate that Defendants were aware of Aurobindo's alleged misconduct *at the time* they disclosed Aceto's supply chain problems to investors. We agree with the district court that the failure to plead such facts is fatal to the SAC's scienter allegations. Without specific allegations to establish Defendants' contemporaneous awareness of the extent of Aurobindo's breach, Bonine has not alleged fraud with the particularity required by Rule 9(b) and the PLSRA. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994) (Plaintiff's "frequent

4

conclusory allegations—that Defendants 'knew but concealed' some things, or 'knew or were reckless in not knowing' other things—do not satisfy the requirements of Rule 9(b).").

We also conclude that the district court properly denied Bonine's post-judgment attempts to resurrect his claims. In his Rule 59(e) motion, Bonine insists that our decision in *Setzer v. Omega Healthcare Investors, Inc.*, 968 F.3d 204 (2d Cir. 2020), marks an intervening change of controlling law that requires the district court to alter or amend the judgment. In *Setzer*, we ruled that a "[c]omplaint raise[d] a strong inference" that Defendants, a real estate investment trust and its executives, "acted, at the very least, recklessly" when they reported that one of its major tenants, which had been experiencing financial difficulties, began making partial rental payments, but failed to disclose that the source of the partial payments was a $15 million loan made by their own company. *Id.* at 207, 214–15. Based on the company's actions, we ruled that the complaint adequately alleged that the defendants were aware of the tenant's financial problems but "made a conscious decision to not disclose the Loan"—a substantial and significant financial transaction designed to sustain the tenant—to investors. *Id.* at 215. We agree with the district court that *Setzer* worked no change in the law and in any event does not govern this case, because Bonine's allegations are quite different. Unlike in *Setzer*, the facts that Bonine alleges in the SAC do not produce a strong enough inference that Defendants "made a conscious decision" to not disclose Aurobindo's alleged scheme to sabotage Aceto or, indeed, that they knew of any Aurobindo scheme when advising investors of supply difficulties.[3] *Id.* at 215. *Setzer* concerned the defendants' representation that its tenant's fortunes were improving, while omitting the essential context that a landlord-financed loan was the source of the resumed partial rental payments; Bonine has not alleged that Defendants here knowingly undertook such an obviously nefarious scheme, nor that they took any similar undisclosed action comparable to the loan. What was undisclosed was the scheme of another party, a scheme not sufficiently alleged to be known to Defendants. Therefore, Bonine fails to "identif[y] an intervening change of controlling

---

[3] As discussed above, the SAC fails to allege that Defendants were aware of Aurobindo's misconduct when they made disclosures to investors about Aceto's supply chain problems.

5

law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" such as would be required to grant relief under Rule 59(e). *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks omitted).

Finally, alleged insider trading by Defendant-Appellee Douglas Roth (the former Chief Financial Officer of Aceto) and non-party Edward Kelly (the former Controller) do not save Bonine's claims. Bonine asserts that the facts underlying the charges of Roth's and Kelly's respective alleged unlawful trading cure the SAC's scienter pleading deficiencies. He is mistaken. We agree with the district court that neither the SEC complaints nor the criminal information filed against Roth suffice to establish an inference that Defendants, including Roth, had sufficient knowledge of Aurobindo's malicious intentions regarding Aceto when Defendants disclosed to investors that Aceto was suffering from supply problems. Because amendment would be futile, the district court did not err in denying Bonine's request under Rule 60(b) for relief from judgment and to amend his complaint under Rule 15(a)(2).

* * *

We have considered Bonine's remaining arguments and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6