*Smith v. Kenny*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-four.

PRESENT:
> **RICHARD C. WESLEY,**
> **MICHAEL H. PARK,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

_____

**Kimberly Smith,**

> *Plaintiff-Appellant,*

> v.                                                          **22-1899**

**Parole Officer Michael P. Kenny, Individually, Parole Officer Robert B. Rosenberger, Individually, John Gemmati, Hudson Valley Regional Director, Doris Cuevas, Jill Lenard-Horne,**

> *Defendants-Appellees.* [*]

_____

---

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**     Kimberly Smith, *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**     Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, Anagha Sundararajan, Assistant Solicitor General, *for* Letitia James, Attorney General of New York, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and **AFFIRMED** in part.

Plaintiff-Appellant Kimberly Smith, proceeding *pro se* on appeal, challenges the dismissal of her counseled civil-rights complaint. Smith brought suit under 42 U.S.C. § 1983, alleging that several officers and their supervisors violated her Fourth and Fourteenth Amendment rights. The district court granted Defendants-Appellees' motion to dismiss Smith's second amended complaint under Rule 12(b)(6). *See Smith v. Kenny*, No. 20-CV-1274 (VB), 2022 WL 1751047 (S.D.N.Y. May 31, 2022). Approximately three months later, Smith filed a motion to reargue, which the district court denied as untimely and without merit. Smith then appealed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

First, we dismiss Smith's appeal of the district court's dismissal of her complaint because her notice of appeal was untimely. The district court issued its decision and entered

2

judgment on May 31, 2022. That decision was final because it resolved all pending claims, including Smith's substantive due process claim. *See Smith*, 2022 WL 1751047, at *3 (concluding that Smith failed to allege conscience-shocking conduct). Smith did not file her notice of appeal until late August, almost three months later. In a civil case like this one, a litigant has 30 days from the entry of final judgment to file a timely notice of appeal. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Smith's notice of appeal was thus untimely, and we lack appellate jurisdiction to hear her challenge to the district court's judgment of dismissal.

Moreover, Smith's untimely post-judgment motion to reargue did not toll the time to appeal the underlying judgment. A motion under Rule 59(e) or 60(b) has a tolling effect only if filed within 28 days of the entry of judgment, which Smith's was not. *See* Fed. R. App. P. 4(a)(4)(A)(iv)-(vi). Non-jurisdictional claim-processing rules like the 28-day time limit are mandatory if properly enforced by a party, as Defendants-Appellees have done here. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017).

Second, limiting our review to the denial of reargument, we perceive no abuse of discretion either in the district court's denial to grant an extension of time or relief on the merits of the motion.[1] *See Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 283-84 (2d Cir. 2005). In particular, Smith's motion did not point to any

---

[1] Although this Court has not clearly articulated a standard of review with respect to the denial of motions for reargument, we review the denial of motions for reconsideration under Rule 59(e) and 60(b) for abuse of discretion. *See Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (Rule 59(e)); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b)).

"controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Smith's remaining arguments are without merit. We **DISMISS** the appeal from the district court's judgment and **AFFIRM** the district court's order denying reargument.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court