21-1598-pr
*Montague v. City of Rochester*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-two.

Present:

>BARRINGTON D. PARKER,
>SUSAN L. CARNEY,
>WILLIAM J. NARDINI,
>   *Circuit Judges*.

_____

COLIN B. MONTAGUE,

>   *Plaintiff-Appellant*,

>   v.                                                          21-1598-pr

CITY OF ROCHESTER, JOHN DOES,
UNKNOWN OFFICERS OF THE TOWN OF
GREECE POLICE DEPARTMENT, JOHN DOES,
UNKNOWN OFFICERS OF THE DRUG
ENFORCEMENT AGENCY, JOHN DOES,
UNKNOWN OFFICERS OF THE CITY OF
ROCHESTER POLICE DEPARTMENT, LEON,
CITY OF ROCHESTER POLICE DEPARTMENT,
OFFICER PADGHAM, CITY OF ROCHESTER
POLICE DEPARTMENT, INVESTIGATOR
SINDONI, CITY OF ROCHESTER POLICE
DEPARTMENT, DEPUTY LOCKWOOD, CITY
OF ROCHESTER POLICE DEPARTMENT,
JOHN DOES, UNKNOWN OFFICERS OF THE
MONROE COUNTY SHERRIF'S
DEPARTMENT,

>   *Defendants-Appellees*,

TOWN OF GREECE, ROCHESTER POLICE DEPARTMENT, GREECE POLICE DEPARTMENT, MONROE COUNTY SHERIFF'S DEPARTMENT, OFFICER SHAUN MOORE, TOWN OF GREECE POLICE DEPARTMENT, AGENT ANDREW WOEPPEL, DRUG ENFORCEMENT AGENCY, INVESTIGATOR DAVID SIMPSON, CITY OF ROCHESTER POLICE DEPARTMENT, SERGEANT BRINKERHOFF, CITY OF ROCHESTER POLICE DEPARTMENT, OTHER OFFICERS FROM GRANET KNOWN AND UNKNOWN, LIEUTENANT JOHN HENDERSON, TOWN OF GREECE POLICE DEPARTMENT, LIEUTENANT MARK SUNDQUIST, TOWN OF GREECE POLICE DEPARTMENT, SERGEANT PATRICK WELCH, TOWN OF GREECE POLICE DEPARTMENT, SERGEANT JAMES CARRIS, TOWN OF GREECE POLICE DEPARTMENT, SERGEANT DAVID MANCUSO, TOWN OF GREECE POLICE DEPARTMENT, SERGEANT BRANDON WHITE, TOWN OF GREECE POLICE DEPARTMENT, OFFICER KEITH BAER, TOWN OF GREECE POLICE DEPARTMENT, OFFICER EDWARD CATON, TOWN OF GREECE POLICE DEPARTMENT, OFFICER DAVID D'AURELIO, TOWN OF GREECE POLICE DEPARTMENT, INVESTIGATOR PEARCE, CITY OF ROCHESTER POLICE DEPARTMENT, THE DRUG ENFORCEMENT AGENCY,

*Defendants.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Aaron M. Goldsmith, Law Office of Aaron M. Goldsmith, P.C., New York, NY. |
| For Defendants-Appellees: | No appearances. |

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *Judge*), entered on May 14, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Colin B. Montague appeals from the district court's dismissal of his suit under 28 U.S.C. § 1915A. Montague, *pro se*, sued the City of Rochester, the Town of Greece, the police departments of Rochester and Greece, the Monroe County Sheriff's Department, the Drug Enforcement Administration, and several individual officers, named and unnamed, of the police and sheriff's departments and the DEA.[1] He sought relief under 42 U.S.C. § 1983 and *Bivens* v. *Six Unknown Named Agents*, 403 U.S. 388, 398 (1971), alleging Fourth, Fifth, and Fourteenth Amendment violations arising from alleged police harassment and false arrest. On November 10, 2020, the district court dismissed Montague's claims as barred by the applicable statutes of limitations and sovereign immunity. On February 22, 2021, Montague filed an amended complaint, which the district court dismissed on May 4, 2021. Montague moved for reconsideration under Federal Rules of Civil Procedure 59(e) or 60, which the court denied on May 14, 2021. Montague, no longer *pro se*, now appeals the district court's May 14, 2021, order. We assume the parties' familiarity with the case.

We review a district court's denial of a motion to alter or amend judgement under Rule 59(e) or for relief from judgment under Rule 60 for abuse of discretion. *Empresa Cubana del Tabaco* v. *Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008). Because Montague's motion for reconsideration merely reprised arguments already considered and rejected by the district court, he failed to identify "controlling decisions or data that the court overlooked" and the district court properly denied his motion. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

For completeness' sake, we also consider the underlying decision of the district court dismissing Montague's claims as untimely. We review a district court's *sua sponte* dismissal of a complaint under § 1915A or § 1915(e)(2) *de novo*. *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir.

---

[1] Montague does not appeal the dismissal of his claim against the DEA.

2010); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). As Montague concedes, his claims fell outside the statutes of limitations. "The statute of limitations for *Bivens* claims is governed by the statute of limitations for New York state law personal injury claims not sounding in intentional tort," which is three years. *Gonzalez* v. *Hasty*, 802 F.3d 212, 219–20 (2d Cir. 2015) (internal quotation marks omitted); New York Civil Practice Law and Rules § 214(5). A *Bivens* claim accrues under federal law when a plaintiff "has knowledge of his or her claim or has enough information that a reasonable person would investigate and discover the existence of a claim." *Gonzalez*, 802 F.3d at 220. Section 1983 actions filed in New York are also subject to a three-year statute of limitations. *Hogan* v. *Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). The events Montague describes in his complaint—the allegedly unlawful stops and searches and his arrest and indictment—occurred in 2012, and the grand jury dismissed his original state indictment on May 20, 2013, more than seven years before he filed his first complaint, on June 11, 2020.

Montague argues that his claims should be subject to equitable tolling, which allows a court to extend a statute of limitations to avoid injustice in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass* v. *N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (cleaned up). The relevant question is "whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Veltri* v. *Bldg. Serv. 32B–J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004).

Montague argues that a confluence of events meant he could not reasonably have discovered he was harmed until 2018. First, he states that he was never notified by his attorney that the grand jury had dismissed the charges against him; he became aware of this fact only in 2018 when, during his (unrelated) federal criminal trial, he asked his attorney to determine the status of the earlier state charges. Second, he emphasizes that he has been in federal prison since

4

2014. Third, he notes that he was told, in May 2013, by the attorney representing him in connection with the state charges that the DEA was holding his possessions "pending further investigation." App'x 36.

None of these facts amounts to "extraordinary" circumstances, *Zerilli–Edelglass*, 333 F.3d at 80, or demonstrates that Montague exercised "all due diligence" in pursuing his claims. *Valdez ex rel. Donely* v. *United States*, 518 F.3d 173, 182 (2d Cir. 2008) (internal quotation marks omitted). The lack of a notification that the charges had been dismissed would not have prevented Montague from inquiring about them before 2018. Montague was aware of his allegedly false arrest as soon as it happened, and he provides no reason why he could not have challenged it at the time. *See Zerilli–Edelglass*, 333 F.3d at 80. Nor is Montague's status as a prisoner a "rare and exceptional circumstance[]" that prevented him from filing a petition either before or after his incarceration. *Zerilli–Edelglass*, 333 F.3d at 80; *see also Walker* v. *Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (prisoner not entitled to equitable tolling of statute of limitations for § 1983 claim); *Hizbullahankhamon* v. *Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (solitary confinement insufficient to toll statute of limitations where prisoner had other opportunities to file). Montague also points to cases tolling the statute of limitations where law enforcement officers intentionally prevented a complainant from filing his claim but provides no evidence that any of the defendants did so in his case. Montague is thus not entitled to equitable tolling, and the district court properly dismissed his complaint as untimely.

\* \* \*

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5